IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| LEONARD DORSEY | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-892-F |
| | (WO) |
| SHERIFF ANTHONY CLARK, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Leonard Dorsey ["Dorsey"] is an inmate confined in the Covington County Jail located in Andalusia, Alabama. He filed this action pursuant to 42 U.S.C. § 1983 against the Honorable Frank McGuire III and Sheriff Anthony Clark. Dorsey is currently serving a sentence imposed on him by the District Court for Covington County on 17 June 2005 as a result of his conviction for issuing worthless/bad checks. He complains that his sentence is unlawful and that he has been subjected to excessive fines and/or punishments in violation of the Fourteenth and Eighth Amendments. He seeks his release from custody and monetary damages.

Upon review of the complaint, the court concludes that dismissal of this case prior to

service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## I. DISCUSSION

*A.     Judge McGuire*

**1. The Claim for Monetary Damages**

Dorsey complains that his incarceration in the Covington County Jail is illegal. Dorsey's allegations against Judge McGuire arise from actions which the judge took in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well-established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Dorsey's claim for monetary damages against Judge McGuire is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## I. DISCUSSION

*A.     Judge McGuire*

**1. The Claim for Monetary Damages**

Dorsey complains that his incarceration in the Covington County Jail is illegal. Dorsey's allegations against Judge McGuire arise from actions which the judge took in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well-established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Dorsey's claim for monetary damages against Judge McGuire is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

### 2. The Request for Declaratory and/or Injunctive Relief

To the extent that Doresy seeks declaratory and/or injunctive relief for adverse actions taken against him by Judge McGuire, this court lacks jurisdiction to render a judgment in an action filed pursuant to 42 U.S.C. § 1983. A federal court has no jurisdiction or right to grant relief under § 1983 with respect to challenges to state court decisions in cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional. *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

It is, therefore, clear that an action filed pursuant to 42 U.S.C. § 1983 may not be used to compel a state court to take a particular course of action. *Cf. Datz v. Kilgore, supra*. Similarly, an action filed pursuant to 42 U.S.C. § 1983 cannot be used as a substitute for an appeal of a state court decision. *Datz*, 51 F.3d at 254 (a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

Accordingly, dismissal of Dorsey's claims for declaratory and/or injunctive relief against Judge McGuire is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

### B.     *The Unlawful Imprisonment Claim*

Dorsey's challenge to the validity of his current confinement goes to the fundamental legality of the conviction and sentence imposed upon him. Consequently, this claim provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in an action under 42 U.S.C. § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus". Complaints which include those claims must therefore be dismissed. *Id.*, 512 U.S. at 483-489.

The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*., at 481. In so doing, the Court rejected the lower court's reasoning that an action under section 1983 should be construed as a habeas corpus action.

In *Balisok*, the Court determined that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the

4

punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645.

The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims presented in this action challenge the constitutionality of Dorsey's continued incarceration as a result of a conviction and/or sentence. A judgment in favor of Dorsey on these claims would necessarily imply the invalidity of this conviction and/or sentence, neither of which has been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on Dorsey's conviction and/or sentence is prohibited, *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490, and the challenge should be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The § 1983 claims presented against Defendants be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii);

2.  The claims for habeas corpus relief be DISMISSED without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3.  This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before 19 October 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

 Done this 5th day of October, 2005.


        /s/ Vanzetta Penn McPherson
        VANZETTA PENN MCPHERSON
        UNITED STATES MAGISTRATE JUDGE